# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL WAYNE MONCKTON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-19-0298-HE |
| ) | |
| MARK WHITTEN, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Michael Monckton filed his third § 2254 habeas petition with this court alleging that the Oklahoma Court of Criminal Appeals (the "OCCA") erred in dismissing his appeal of his resentencing and that this court lacked jurisdiction to rule on his second habeas petition in CIV-16-1136-HE. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings. Judge Mitchell has issued a Report and Recommendation recommending that the court deny the petition if construed as a Rule 60(b) motion and that the petition be transferred to the United States Circuit Court of Appeals for the Tenth Circuit as a second or successive habeas petition for authorization to file such a petition pursuant to 28 U.S.C. § 2244(b)(3). Petitioner has objected to the Report, which triggers *de novo* review by this court of proposed findings or recommendations to which objection has been made.

Petitioner's first § 2254 petition in CIV-15-0883-HE alleged that his Confrontation Clause rights were violated during trial. That petition was dismissed without prejudice because he had a pending appeal of his resentencing before the OCCA.

Petitioner's second § 2254 petition in CIV-16-1136-HE alleged that his trial was tainted by improperly admitted evidence and improper jury instructions, as well as ineffective assistance of both trial and appellate counsel. Respondent again move to dismiss the petition alleging that petitioner's ongoing state court proceedings demonstrated the failure to exhaust state court remedies. Adopting a report and recommendation, the court concluded that the Younger abstention did not apply to the claims brought forth in the petition. Respondent's motion was denied, and the court ultimately denied relief on the merits.

Because petitioner's current petition alleges that the judgment in CIV-16-1136 is void because the court lacked jurisdiction, Judge Mitchell addressed the possibility of construing the petition as a Rule 60 motion for relief from a void judgment. The Report recommends that, so construed, the motion be denied. Petitioner objects, arguing that that the state and therefore the court relied on his original sentencing[1] when ruling in CIV-16-1136, thus rendering the judgment void. The court concludes otherwise. Attached to the petition filed in CIV-16-1136 were state court filings clearly referencing his resentencing. *See, e.g.,* CIV-16-116 Doc. #1-3, pp. 2-3. Further, the second habeas petition was filed over a year after petitioner had been resentenced. Petitioner's primary argument appears to be that he did not have knowledge that he had been resentenced when he filed his second

---

[1] *Petitioner was sentenced in 2012 to 22 years for first degree rape and 10 years for rape by instrumentation to be served consecutively. After being granted post-conviction relief, a pre-sentence investigation was ordered, and petitioner was resentenced in identical fashion on July 1, 2015.*

2

habeas petition.  Despite petitioner's knowledge, or lack thereof, the court had jurisdiction to rule in CIV-16-1136.

Petitioner also objects to this action being transferred to the OCCA but misunderstands the Report on this issue.  The Report recommends transfer to the United States Court of Appeals for the Tenth Circuit, not the OCCA, for determination as to whether a second or successive habeas petition may be pursued.

For substantially the reasons stated in the Report, the court **ADOPTS** the Report and Recommendation [Doc. # 9].  To the extent the petition is viewed as a motion pursuant to Rule 60(b), it is **DENIED**.  To the extent it is viewed as a habeas petition, it is a second or successive petition over which the court lacks jurisdiction absent authorization from the Court of Appeals.  The petition is therefore **TRANSFERRED** to the United States Circuit Court of Appeals for the Tenth Circuit, pursuant to 28 U.S.C. § 1631, for a determination as to whether it is authorized.  28 U.S.C. § 2244(b)(3).

    **IT IS SO ORDERED**.

Dated this 21st day of May, 2019.

*[signature]*
JOE HEATON
CHIEF U.S. DISTRICT JUDGE